Nicholas A. Boylan, Esq. SBN 130012
**LAW OFFICE OF NICHOLAS A. BOYLAN, APC**
233 A Street, Suite 1205
San Diego, CA 92101
Phone: (619) 696-6344
Fax: (619) 696-0478

Attorney for Plaintiff Jacob Jajati

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOBO JAJATI, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES CUSTOMS AND BORDER PROTECTION; TROY A. MILLER, in his official capacity as the Acting Commissioner of the United States Customs and Border Protection; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: **'22CV175 L    AGS** <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES** <br><br> (Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*) |

## I.   INTRODUCTION

1.     This action challenges the failure of Defendants United States Customs and Border Protection and Troy A. Miller, Acting Commissioner (collectively "CBP" or "the agency") to comply with their obligations under the Administrative Procedure Act §§ 701 *et seq.*

2.     Plaintiff Jacobo Jajati ("Plaintiff") seeks a declaration that the revocation decision is arbitrary, capricious, an abuse of discretion, and contrary to law in violation of the Administrative Procedure Act ("APA"), 5. U.S.C. § 706. As a

result, Plaintiff respectfully requests that this Court set aside the decision pursuant to the APA.

3. Plaintiff also seeks an award of costs and attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

## II. **JURISDICTION AND VENUE**

4. This action is brought pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701–706. This court has jurisdiction pursuant to 28 U.S.C. § 1331. There is a present, actual and justiciable controversy between the parties. The requested relief is proper under 28 U.S.C. § 2201 (declaratory relief) and § 2202 (injunctive relief) and 5 U.S.C. §§ 701–706. The federal government has waived sovereign immunity in this action pursuant to 5 U.S.C. § 702.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1) because a substantial part of the events giving rise to the claim occurred in this district and Plaintiff resides in this district.

## III. **THE PARTIES**

6. Plaintiff is a citizen of the United States and resides in San Diego, California, which is in the Southern District of California. Plaintiff has a perfect record, personally and with respect to business, and has never been convicted (or ever charged) with any criminal misconduct of any kind. Plaintiff has no personal or business involvement with any criminals and no association whatsoever with any criminal conduct by others.

7. Defendant United States Customs and Border Protection ("CBP") is a component of the Department of Homeland Security. CBP is an agency within the meaning of 5 U.S.C. section 552(f)(1) of the Executive Branch of the United States government.

8. Defendant Troy A. Miller ("Commissioner" or "Defendant") is the Acting Commissioner of CBP. The Commissioner is responsible for CBP's compliance with the laws of the United States and corresponding agency regulations,

including the laws and regulations at issue in the case. He is sued in his official capacity.

9.      DOES 1-10, and each of them, public officers, employees and/or agents of CBP and responsible for its operations and/or record keeping and is in some manner responsible for the occurrences hereinafter alleged and/or is a necessary party to fashion an appropriate remedy. Plaintiff will seek leave of court to amend this complaint to allege said individuals' true names and capacities once asserted.

10.      Plaintiff exhausted administrative remedies with CBP and the Ombudsman has written a denial, in addition or alternatively, Plaintiff was not required to exhaust administrative remedies. *Darby v. Cisneros*, 509 U.S. 137, 153-54 (1993) (Federal courts cannot require that a plaintiff exhaust his administrative remedies before seeking judicial review when exhaustion of remedies is not required by either administrative rules or statute).

## IV.    STATUTORY FRAMEWORK
### The Administrative Procedure Act

11.      The APA serves to police improper agency behavior, protect public safety, and secure proper entitlements of the public. It governs internal procedures of federal administrative agencies, including rulemakings, adjudications, and licensing. The APA is codified at Title 5 U.S.C. §§ 551-559, §§ 701-706, and encompasses the Freedom of Information Act (5 U.S.C. § 552) and the Privacy Act (5 U.S.C. § 552a). CBP is subject to the APA.

12.      The APA provides a cause of action to challenge any final agency action taken pursuant to any statute where the action is made reviewable by that statute, or where there is no other adequate remedy in a court. 5 U.S.C. § 704.

13.      The APA, at 5 U.S.C. §§ 701-706, authorizes the court to review final agency actions and hold unlawful and set aside final agency actions, findings, and conclusions that are arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A). The APA also authorizes the

reviewing court to compel agency action that is unlawfully withheld 5 U.S.C. § 706(1).

14.    The APA, at 5 U.S.C. § 706, authorizes the reviewing court to issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings on such conditions as may be required and to the extent necessary to prevent irreparable injury. In this matter, Plaintiff has no other available remedy.

## V.   **FACTUAL ALLEGATIONS**

15.    In 2013 Plaintiff separated from Margarita Rozillio Jajati ("Ex-wife"). Their divorce was finalized on May 21, 2015.

16.    On October 12, 2018, the Ex-wife was arrested for crossing the border with methamphetamines. Based on information and belief, she bailed out and fled.

17.    On the same day the Ex-wife was arrested, Plaintiff received a notice from CBP stating that his membership in the Global Entry/SENTRI program ("The Program") has been revoked.

18.    On or around February 19, 2019, Plaintiff had an interview with a supervisor regarding the revocation of his membership in The Program. He was not questioned about his Ex-wife.

19.    On or before January 14, 2020, Plaintiff received notice that there was a Trusted Traveler Program ("TTP") application approval. His application for membership in The Program had been approved; therefore, CBP was then satisfied with Plaintiffs disassociation with his Ex-wife, and all other matters.

20.    On April 27, 2021, Secretary of Homeland Security Alejandro N. Mayorkas announced a new counter-network targeting operation focused on transnational criminal organizations affiliated with the smuggling of migrants. The new anti-smuggling effort, called Operation Sentinel, is a collaborative effort with U.S. Customs and Border Protection, U.S. Immigration and Customs Enforcement's Homeland Security Investigations, U.S. Citizenship and Immigration Services, the

U.S. Department of State, and the Federal Bureau of Investigation and Drug Enforcement Administration of the U.S. Department of Justice.

21.     Operation Sentinel targets all personnel and identifiable resources that transnational criminal organizations require to operate. It maps the organizations' networks; targets their members, associates, and assets; and employs a series of targeted actions and sanctions against them, including revocation of travel documents.

22.     On August 2, 2021, Plaintiff received a notice from CBP stating that his membership in The Program has been revoked. The reason provided was only the vague statement "[y]ou no longer qualify for the Trusted Traveler Program." There was no other explanation or any citations to a record of evidence or law, and no specific reasons or substantiation stated.

23.     The agency violated 8 C.F.R. § 235.12(j)(3) by not providing timely notice and an explanation of the adverse decision.

24.     Plaintiff complied with 8 C.F.R. § 235.12(k)(1) by contesting the adverse decision within 30 days of the written decision to terminate participation.

25.     Further, on September 8, 2021, Plaintiff's prior Attorney, Jonathon D. Wasdan, sent a letter to CBP and Chief Saro Oliveri requesting that the agency comply with its non-discretionary ministerial duty of providing Plaintiff a written notice that explains the agency's decision. CBP did not do so.

26.     On or around September 30, 2021, Plaintiff had an interview with a supervisor regarding the revocation of his membership in The Program. The officer expressly refused to disclose the information, and gave us no reason or substantiation.

27.     To date, Plaintiff has not been able to get back his membership in The Program.

28.    The revocation of Plaintiff's membership in The Program is apparently related to the criminal conduct of his Ex-wife and the improper, arbitrary, unsubstantiated application of Operation Sentinel protocols to Plaintiff.

29.    Plaintiff has no personal or business connection with his Ex-wife. He does not communicate with her regarding legal or illegal activities of any kind. He does not own any property or businesses with her. They do not share any bank accounts, nor are there any financial transactions between them. Plaintiff has full custody of their children. The children have no personal or business connection with the Ex-wife. To Plaintiff's knowledge, they do not communicate with her regarding legal or illegal activities of any kind. The children do not own any property or businesses with her. They do not share any bank accounts with her, nor are there any financial transactions between them.

30.    The action of the agency is contrary to Plaintiff's constitutional right, power, and privilege, in that, in violation of due process of law, the agency is adversely retaliating against, discriminating against, and/or punishing and burdening a United States citizen based on the completely independent and unrelated historical, criminal misconduct of another person (specifically, his Ex-wife), and with no basis for vicarious allocation of responsibility.

## VI.    CAUSES OF ACTION

### First Cause of Action

### Violation of the Administrative Procedure Act

31.    Paragraphs 1 through 30 are re-alleged and incorporated by reference herein as if fully produced.

32.    Federal courts have authority to hear challenges to final agency actions, and hold unlawful and set aside actions that are:

(A)  arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B)   contrary to constitutional right, power, privilege, or immunity;

(C)   in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(D)   without observance of procedure required by law;

(E)   unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

(F)   unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

5 U.S.C. § 706.

33.     When an agency violates its own rules and regulations the resulting final agency action is in violation of the APA.

34.     Likewise, when a decision is not based on substantial evidence the court must invalidate the decision.

35.     Here, the agency failed and expressly refused to provide an explanation for its decision that Plaintiff no longer qualified for the Global Entry/SENTRI program. Without an explanation, there is no way for the court to conclude there is a rational connection between the facts found and the choice made.

36.     The agency decision is arbitrary and capricious, and it lacks reasoned decision making.

37.     The agency failed to follow its own regulations and contradicted the statute. For these reasons, the final agency action violates 5 U.S.C. § 706, and this court should provide all appropriate remedies.

38.     Plaintiff reserves the right to add additional errors upon full review of the administrative record, and the taking of necessary discovery.

## VII.   **PRAYER FOR RELIEF**

**WHEREFORE**, in view of the above authority, Plaintiff asks the Court for the following relief:

1.     Assume jurisdiction over this matter;

2.  Hold unlawful and set aside Defendant's decision;

3.  Order Defendant to admit Plaintiff to the Global Entry Program;

4.  Grant all relief that is necessary and proper under the APA;

5.  Award Plaintiff costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

6.  For monetary damages according to proof, and all such other and further relief as the Court may deem just and proper.

Date: February 3, 2022                  Respectfully submitted,

Nicholas A. Boylan, Esq.
Attorney for Plaintiff